# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE: Bryan Scott Kennedy, Debtor**         **CASE NO. 19-01065**
       **CHAPTER 13**

## NOTICE OF FILING CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

The above-named Debtor(s) has/have filed a *Chapter 13 plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at 501 East Court Street, Suite 2.300 P.O. Box 2448 Jackson, MS 39225−2448 on or before May 8, 2019. Copies of the objection must be served on the Trustee, US Trustee, Debtor(s), and Attorney for Debtor(s).

Objections to confirmation will be heard and confirmation determined on May 16, 2019 at 10:30 AM in the William Colmer Federal Building, 701 N. Main Street, Hattiesburg, MS 39401, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

Date: April 3, 2019        /s/ Thomas C. Rollins, Jr.
       *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
774 Avery Blvd. N, Ste. D
Ridgeland, MS 39157
trollins@therollinsfirm.com
601-500-5533

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Bryan Scott Kennedy** Full Name (First, Middle, Last) | |
| Debtor 2 (Spouse, if filing) | Full Name (First, Middle, Last) | |
| United States Bankruptcy Court for the | SOUTHERN DISTRICT OF MISSISSIPPI | ☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. |
| Case number: (If known) | 19-01065 | |

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance 12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☑ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Length of Plan.**

The plan period shall be for a period of **60** months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay **$7,522.02** (☑ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**Direct - Self- Employed**

Debtor **Bryan Scott Kennedy**     Case number **19-01065**

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3    Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Part 3:    Treatment of Secured Claims

**3.1    Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)** **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. §
☑ 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

**1**   Mtg pmts to   **Benny Kimberly**
Beginning   **May 2019**   @   **$2,476.94** ☑ Plan   ☐ Direct.   Includes escrow ☑ Yes ☐ No

**1**   Mtg arrears to   **Benny Kimberly**   Through   April 2019   **$7,430.82**

**3.1(b)** ☑ **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property   **1** address:   **242 Luckey and Kennedy Rd Magee, MS 39111**
                             **Simpson County**
Mtg pmts to   **Priority One Bank**
Beginning   May 2019   @   **$1,663.54** ☑ Plan   ☐ Direct.   Includes escrow ☐ Yes ☐ No

Property **1**   Mtg arrears to   **Priority One Bank**   Through   April 2019   **$13,308.32**

**3.1(c)** ☐ **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor:   **-NONE-**         Approx. amt. due: _____      Int. Rate*: _____

Property Address: _____
Principal Balance to be paid with interest at the rate above: _____
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $ _____
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $ _____**-NONE-**_____ /month, beginning _____month_____.
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

**Mississippi Chapter 13 Plan**   Page 2

| Debtor | Bryan Scott Kennedy | Case number | 19-01065 |
|---|---|---|---|

* Unless otherwise ordered by the court, the interest rate shall be the curent Till rate in this District
*Insert additional claims as needed.*

**3.2 Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*.

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| Community Bank | 2018 Chevrolet 2500 HD 10000 miles | $54,000.00 | 6.75% |

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.4 Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Bank Plus | 1660 Simpson Hwy 49 Magee, MS 39111 Simpson County |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees.**

☑ No look fee: **3,600.00**

| Debtor | **Bryan Scott Kennedy** | Case number | **19-01065** |
|---|---|---|---|

    Total attorney fee charged: $**3,600.00**

    Attorney fee previously paid: $**860.00**

    Attorney fee to be paid in plan per confirmation order: $**2,740.00**

☐ Hourly fee: $____. (Subject to approval of Fee Application.)

**4.4**    **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐   **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑   Internal Revenue Service    **$40,000.00** .
☑   Mississippi Dept. of Revenue   **$4,500.00** .
☐   Other   _____   _____ .

**4.5**    **Domestic support obligations.**

☐   **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

DUE TO: **Sarah H Fletcher**
POST PETITION OBLIGATION: In the amount of $ **600.00**   per month beginning **April 2019**
To be paid ☑ direct, ☐ through payroll deduction, or ☐ through the plan.

PRE-PETITION ARREARAGE: In the amount of $ **0.00**   through   **n/a**
which shall be paid in full over the plan term, unless stated otherwise:
To be paid ☐ direct, ☐ through payroll deduction, or ☐ through the plan.

*Insert additional claims as needed.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**    **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐   The sum of $
☑   **100.00** % of the total amount of these claims, an estimated payment of $ **30,487.65**
☐   The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**21,380.28**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**    **Other separately classified nonpriority unsecured claims (special claimants).** *Check one.*

☑   **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1**    **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑   **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

| Debtor | **Bryan Scott Kennedy** | Case number | **19-01065** |
|---|---|---|---|

**7.1** Property of the estate will vest in the debtor(s) upon entry of discharge.

### Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**
 **Debtor to pay student loans direct or place in forebearance if eligible.**

### Part 9: Signatures:

**9.1** Signatures of Debtor(s) and Debtor(s)' Attorney
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X **/s/ Bryan Scott Kennedy**
**Bryan Scott Kennedy**
Signature of Debtor 1

Executed on **April 2, 2019**

**132 Hummingbird Rd**
Address
**Magee MS 39111-0000**
City, State, and Zip Code

Telephone Number

X
Signature of Debtor 2

Executed on

Address

City, State, and Zip Code

Telephone Number

X **/s/ Thomas C. Rollins, Jr.**
**Thomas C. Rollins, Jr. 103469**
Signature of Attorney for Debtor(s)
**774 Avery Blvd N**
**Ridgeland, MS 39157**
Address, City, State, and Zip Code
**601-500-5533**
Telephone Number
**trollins@therollinsfirm.com**
Email Address

Date **April 2, 2019**

**103469 MS**
MS Bar Number

## **CERTIFICATE OF SERVICE**

      I, Thomas C. Rollins, Jr., attorney for the Debtor(s), do herby certify that by filing the attached Notice and Chapter 13 Plan, I have cause the following partied to be served electronically via ECF:

      Case Trustee
      Office of the US Trustee

      I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by US Mail, postage prepaid, to all other parties listed on the attached master mailing list (matrix).

Date: April 3, 2019                      /s/ Thomas C. Rollins, Jr.
                                           *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
774 Avery Blvd. N, Ste. D
Ridgeland, MS 39157
trollins@therollinsfirm.com
601-500-5533

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: BRYAN SCOTT KENNEDY | CASE NO: 19-01065<br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 4/3/2019, I did cause a copy of the following documents, described below,

Notice of Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 4/3/2019

/s/ Thomas C. Rollins Jr.
Thomas C. Rollins Jr. 103469
The Rollins Law Firm
774 Avery Blvd N, Ste. D
Ridgeland, MS 39157
601 500 5533

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: BRYAN SCOTT KENNEDY | CASE NO: 19-01065 |
| | **CERTIFICATE OF SERVICE DECLARATION OF MAILING** |
| | Chapter: 13 |

On 4/3/2019, a copy of the following documents, described below,

Notice of Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 4/3/2019

_____
Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins Jr.
The Rollins Law Firm
774 Avery Blvd N, Ste. D
Ridgeland, MS  39157

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| | | |
|---|---|---|
| CASE INFO<br><br>  LABEL MATRIX FOR LOCAL NOTICING<br>05383<br>CASE 19-01065-KMS<br>SOUTHERN DISTRICT OF MISSISSIPPI<br>JACKSON-3 DIVISIONAL OFFICE<br>WED APR 3 09-51-31 CDT 2019 | ~~EXCLUDE~~<br><br>~~US BANKRUPTCY COURT~~<br>~~501 EAST COURT STREET SUITE 2300~~<br>~~PO BOX 2448~~<br>~~JACKSON MS 39225-2448~~ | ALLTRAN FINANCIAL<br>PO BOX 610<br>SAUK RAPIDS MN 56379-0610 |
| AMERICAN EXPRESS<br>PO BOX 981537<br>EL PASO TX 79998-1537 | BANK PLUS<br>1068 HIGHLAND COLONY P<br>RIDGELAND MS 39157-8807 | BENNY KIMBERLY<br>2 SWEET OLIVE LANE<br>COVINGTON LA 70435-0488 |
| CAPITAL ONE<br>PO BOX 60599<br>CITY OF INDUS CA 91716-0599 | CARSON SMITHFIELD<br>PO BOX 9216<br>OLD BETHPAGE NY 11804-9016 | COMMUNITY BANK<br>PO BOX 182125<br>COLUMBUS OH 43218-2125 |
| COPELAND COOK TAYLOR<br>PO BOX 6020<br>RIDGELAND MS 39158-6020 | CREDIT ONE<br>PO BOX 98872<br>LAS VEGAS NV 89193-8872 | FINANCIAL RECOVERY SER<br>PO BOX 385908<br>MINNEAPOLIS MN 55438-5908 |
| FRANKLIN FINANCIAL<br>4820 POPLAR SPRINGS DR<br>MERIDIAN MS 39305-2678 | INTERNAL REVENUE SERVI<br>CENTRALIZED INSOLVENCY<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | INTERNAL REVENUE SERVI<br>CO US ATTORNEY<br>501 EAST COURT ST<br>STE 4430<br>JACKSON MS 39201-5025 |
| LVNV FUNDING LLC<br>RESURGENT CAPITAL SERVICES<br>PO BOX 10587<br>GREENVILLE SC 29603-0587 | MERRICK BANK<br>RESURGENT CAPITAL SERVICES<br>PO BOX 10368<br>GREENVILLE SC 29603-0368 | MS DEPT OF REVENUE<br>BANKRUPTCY SECTION<br>PO BOX 22808<br>JACKSON MS 39225-2808 |
| MERRICK BANK<br>PO BOX 9201<br>OLD BETHPAGE NY 11804-9001 | MITCHELL MCNUTT  SAMS<br>PO BOX 466<br>TUPELO MS 38802-0466 | MITCHELL MCNUTT  SAM<br>PO BOX 466<br>TUPELO MS 38802-0466 |
| NAVIENT<br>PO BOX 740351<br>ATLANTA GA 30374-0351 | PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | PRIORITY ONE BANK<br>PO BOX 516<br>MAGEE MS 39111-0516 |
| RADIUS GLOBAL SOLUTION<br>PO BOX 390846<br>MINNEAPOLIS MN 55439-0846 | SARAH H FLETCHER<br>1606 HWY 469<br>FLORENCE MS 39073-9025 | SARAH KENNEDY<br>132 HUMMINGBIRD RD<br>MAGEE MS 39111-3491 |

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| | | |
|---|---|---|
| US ATTORNEY GENERAL<br>US DEPT OF JUSTICE<br>950 PENNSYLVANIA AVENW<br>WASHINGTON DC 20530-0001 | ~~EXCLUDE~~<br>~~UNITED STATES TRUSTEE~~<br>~~501 EAST COURT STREET~~<br>~~SUITE 6 430~~<br>~~JACKSON MS 39201-5022~~ | WEBBANK<br>215 S STATE ST<br>STE 1000<br>SALT LAKE CIT UT 84111-2336 |
| DEBTOR<br>BRYAN SCOTT KENNEDY<br>132 HUMMINGBIRD RD<br>MAGEE MS 39111-3491 | ~~EXCLUDE~~<br>~~J C BELL T1~~<br>~~PO BOX 566~~<br>~~HATTIESBURG MS 39403-0566~~ | ~~EXCLUDE~~<br>~~THOMAS CARL ROLLINS JR~~<br>~~THE ROLLINS LAW FIRM PLLC~~<br>~~774 AVERY BLVD N~~<br>~~RIDGELAND MS 39157-5219~~ |